UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN AIRLINES FLOW-THRU PILOTS COALITION, et al., <br><br>Plaintiffs, <br><br>v. <br><br>ALLIED PILOTS ASSOCIATION, et al., <br><br>Defendants. | Case No. 17-cv-01160-RS <br><br>**ORDER RE APPEARANCES OF INDIVIDUAL PLAINTIFFS, DISMISSING ASSOCIATIONAL PLAINTIFF AND CLASS CLAIMS, AND CONTINUING CASE MANAGEMENT CONFERENCE** |

Plaintiff Gregory Cordes has filed a motion requesting that he and the four other individual plaintiffs be permitted to proceed *pro se*, and dismissal of the class allegations and the associational plaintiff, the American Airlines Flow-Thru Pilots Coalition (AAFTPC). The individual plaintiffs need not move for permission to appear *pro se*, they need only file appearances as such. Cordes' motion will be deemed as his appearance *pro se*. Any other individual plaintiff who wishes to proceed in this matter must file his own notice of *pro se* appearance no later than October 26, 2022. Any individual plaintiff who does not enter an appearance by that date will be dismissed, without further notice.

Cordes asserts that he intends to serve as "lead plaintiff" and that all communications should be addressed to him. Because Cordes is not an attorney, he may not represent or speak for the other plaintiffs in this action. While plaintiffs may, and are encouraged to, file documents jointly, each plaintiff must sign on his own behalf.

Although by prior order the individual plaintiffs were directed to dismiss AAFTPC and the

class allegations unless they obtained counsel, as a technical matter the individual plaintiffs cannot speak for AAFTPC, and Cordes cannot request dismissal of the class allegations on behalf of the other plaintiffs. Nevertheless, the Court can dismiss AAFTPC and the class allegations on its own motion, and hereby does so, on the basis that the individual plaintiffs have been unable to obtain counsel despite extended opportunity, and have made no showing that they will be able to do so if given additional time.

Cordes also asserts that the individual plaintiffs "reserve the right to reapply for class status and to bring the AAFTPC back in" should they eventually obtain counsel. Because it would not be appropriate at this juncture to dismiss the class claims or AAFTPC with prejudice, any counsel who may subsequently appear for plaintiffs in this action will not be categorically barred from seeking leave to reassert those claims, but will face a heavy burden to show it would be warranted.

Finally, the further Case Management Conference is continued to November 3, 2022, with a joint case management conference statement to be filed one week in advance. Again, all plaintiffs who have entered *pro se* appearances by that time must sign the case management conference statement.

**IT IS SO ORDERED**.

Dated: October 18, 2022

_____
RICHARD SEEBORG
Chief United States District Judge